EMMA B. COPITHORN & another *vs.* WILLIAM H. HEALEY, trustee.

Middlesex.    April 3, 1934. — April 12, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy*, Construction of particular phrase.

In considering a will written in handwriting, this court, being unable to determine just what had been written at a certain place in the will, considered the testator's probable intent and read the doubtful expression as being similar to expressions appearing in two other places in the will, and rejected a contention which would have made the phrase in which the doubtful expression appeared read awkwardly, in contrast to the fluent English of the will in general.

PETITION, filed in the Probate Court for the county of Middlesex on September 23, 1933.

The petition, material facts, and a decree entered by order of *Beane*, J., are described in the opinion. The respondent appealed.

*W. H. Healey*, for the respondent.

*W. R. Bigelow*, for the petitioners.

LUMMUS, J. By his will, executed June 15, 1875, John L. Copithorn, who died April 5, 1877, gave to his son Willard A. Copithorn the use for life of $800 owed by the latter to the testator, with remainders ·in succession for life to the testator's other and minor sons Eddie T. and John Copithorn if living at the death of Willard A. Copithorn. In case both Eddie T. and John should die before Willard A. Copithorn, as in fact they have done, the testa-

tor made an absolute gift of the remainder which requires interpretation.

Willard A. Copithorn died intestate on May 18, 1932, leaving a widow, Emma B. Copithorn, a son Willard O. Copithorn, born August 17, 1873, and another son Walter E. Copithorn, born December 18, 1876. Willard O. Copithorn died May 21, 1933, leaving all his estate by will to his widow Clara M. Copithorn.

William H. Healey at some time was appointed trustee to hold the sum of $800 under the will of John L. Copithorn. The life estate having ended, he paid the entire principal of the trust to Willard O. Copithorn. His account, showing this payment, was allowed *ex parte* by a judge of the Probate Court on October 10, 1932, with the assent of Willard O. Copithorn who was declared to be the only person interested. On the petition of Emma B. Copithorn and Walter E. Copithorn, each claiming one third of the principal of the trust (*Merchants National Bank of New Bedford* v. *Church*, 285 Mass. 217, the decree allowing the account was vacated by another judge, and a decree was entered ordering payment of one third to each of the petitioners. The trustee appealed.

The will is in handwriting. The difficulty is in determining whether a character following the name Willard in the ultimate gift in remainder is an apostrophe followed by the letter s, or a semicolon. The appellees contend for the former. They read the gift after the death of "my son Willard A. Copithon" as "to his Willard's heirs and assigns, forever." The appellant, on the other hand, contends that the mark is a semicolon, and that the words are "to his Willard; heirs and assigns, forever." To our eyes, the handwriting does not make either interpretation clear. So we consider the probabilities.

The awkwardness of the reading contended for by the appellant, as contrasted with the fluent English of the will in general, tends against his construction. In two other places a possessive pronoun and the name of a person are used in apposition, in a construction similar to that contended for by the appellees. The will provides

for the three sons of the testator, two of whom were minors, but shows no disposition to extend its benefits to others. On the whole we think that the later decree of the Probate Court was right.

*Decree affirmed.*